IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NIGEL RAY LACHEY,

       Plaintiff,

v.                                               No. 1:21-cv-01093-RB-LF

RACHELLE KLUMP and
JANE C. LEVY,

       Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion to Show Cause and Amended Defendant ("Response") (Doc. 7) and Plaintiff's Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (Doc. 8 (Am. Compl.)), both filed on December 1, 2021.

This action arises from a child-support proceeding in the Second Judicial District Court, State of New Mexico.[1] Plaintiff alleged that he and the mother of his child agreed "to waive child support." (Doc. 1 (Compl.).) Plaintiff also alleged that Defendant Second Judicial District Court denied Plaintiff due process by "not acknowledg[ing] [and failing to accept] the agreement nor addressing the validity of evidence as cited in New Mexico statu[t]es [which] led to numerous adverse actions by various state agencies against the Plaintiff." (*Id.* at 2–3.) Plaintiff sought

---

[1] Plaintiff previously filed another action arising from the same facts as this action. *See Lachey v. N.M. Second Judicial Dist. Court*, No. 1:20-cv-00766-KG-SCY Doc. 1 (D.N.M. July 29, 2020) ("*Lachey I*"). Plaintiff asserted due process violations in the state-court case, *New Mexico v. Huffman n/k/a Nigel Lachey*, No. D-202-DM-200203854, and sought injunctive relief. The Court dismissed *Lachey I* for lack of subject-matter jurisdiction after Plaintiff failed to show cause why the case should not be dismissed as barred by the *Younger* Abstention doctrine or the *Rooker-Feldman* doctrine. *See Lachey I*, Doc. 9 (D.N.M. Sept. 18, 2020).

"[d]amages due to denial/loss of benefits in the amount of $203,000.00" and punitive damages. (*Id.* at 5.)

United States Magistrate Judge Laura Fashing notified Plaintiff that it appears that this case should be dismissed for lack of jurisdiction because Plaintiff is asserting a claim for damages pursuant to 42 U.S.C. § 1983 against the Second Judicial District Court, which as an arm of the State of New Mexico, is immune from § 1983 damages suits. (*See* Doc. 6 at 3.) Judge Fashing ordered Plaintiff to show cause why this case should not be dismissed for lack of subject-matter jurisdiction and, if Plaintiff asserts the case should not be dismissed, to file an amended complaint.

Plaintiff filed a Response to Judge Fashing's Order to Show Cause and an Amended Complaint. Plaintiff titled his Response as a "Motion." Because the Response is not a motion, the Court denies the "Motion" as moot. In his Response, Plaintiff does not argue that the claims against Defendant Second Judicial District Court should not be dismissed. Instead, Plaintiff states he is filing an Amended Complaint which does not assert claims against Defendant Second Judicial District Court.

The Amended Complaint asserts claims against Rachelle Klump and Jane C. Levy. Defendant Klump is a "Hearing Officer for the Second Judicial District Court." (Am. Compl. at 1.) Defendant Levy is a "New Mexico District Court Judge." (*Id.* at 2.) Plaintiff alleges that Defendants denied Plaintiff due process because they "did not admit the agreement [between Plaintiff and the mother of his child to waive child support] as evidence in any proceeding to date." (Compl. at 2.) Plaintiff seeks damages of $203,000.00 plus punitive damages.

"[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (quoting *Mireles v.*

*Waco*, 502 U.S. 9, 11–12 (1991)); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority") (quotation omitted).

The Amended Complaint also fails to state a claim upon which relief can be granted as to Defendant Klump, who is a state-court hearing officer. "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved." *Sawyer*, 317 F. App'x at 728 (quotation omitted). "Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, 'where their duties had an integral relationship with the judicial process.'" *Id.* (quoting *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000)).

The Court dismisses this case because the Amended Complaint fails to state a claim against both Defendants.

**IT IS ORDERED** that:

(i) Plaintiff's Motion to Show Cause and Amended Defendant (Doc. 7) is **DENIED as moot.**

(ii) This case is **DISMISSED without prejudice.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE