IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NIGEL RAY LACHEY,

      Plaintiff,

v.          No. 1:21-cv-01093-RB-LF

RACHELLE KLUMP and
JANE C. LEVY,

      Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis, filed December 27, 2021. (Doc. 12.)

**I.    Background**

This action arose from a child-support proceeding in the Second Judicial District Court, State of New Mexico. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff alleged that Defendant Second Judicial District Court denied Plaintiff due process. Plaintiff seeks damages. United States Magistrate Judge Laura Fashing notified Plaintiff that it appears that this case should be dismissed for lack of jurisdiction because the Second Judicial District Court, as an arm of the State of New Mexico, is immune from § 1983 damages suits. (*See* Doc. 6.) Judge Fashing ordered Plaintiff to show cause why this case should not be dismissed and, if Plaintiff asserts this case should not be dismissed, to file an amended complaint.

On December 1, 2021, Plaintiff filed a Motion to Show Cause and Amended Defendant. (Doc. 7.) Plaintiff states "declaratory relief was unavailable to the Plaintiff thus the United States District Court has jurisdiction pursuant to 42 U.S. Code § 1983" and the state-court judge and

state-court hearing officer "were not acting within the law." (*Id.* at 2–3.) The Court denied Plaintiff's "Motion" as moot, because it was not a motion; it was a response to Judge Fashing's Order to Show Cause. (*See* Doc. 9 at 2.)

Plaintiff also filed an Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. (*See* Doc. 8.) The Amended Complaint, which substituted new Defendants (the state-court judge and the state-court hearing officer) for the original Defendant (the Second Judicial District Court), alleged that the new Defendants denied Plaintiff due process and sought monetary damages. The Amended Complaint did not seek injunctive relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").

> The Court dismissed this case stating:
>
> [S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority") (quotation omitted).
>
> The Amended Complaint also fails to state a claim upon which relief can be granted as to Defendant Klump, who is a state-court hearing officer. "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved." *Sawyer*, 317 F. App'x at 728 (quotation omitted). "Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Id.* (quoting *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).

(Doc. 9 at 2–3.)

Plaintiff subsequently filed a Notice of Appeal (Doc. 11) and an Affidavit seeking leave to appeal *in forma pauperis*, which is now before the Court.

## II.     Leave to Appeal In Forma Pauperis

"In order to succeed on [a motion for leave to proceed on appeal without prepayment of costs or fees], an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The Supreme Court has held that good faith is to be judged by an objective standard, for review of any issue 'not frivolous.'" *Spearman v. Collins*, 500 F. App'x 742, 743 (10th Cir. 2012) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Id.*; *see also Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) ("an appeal is frivolous if it lacks an arguable basis in either law or fact").

Plaintiff has shown a financial inability to pay the required filing fees but has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. In his Affidavit, Plaintiff states: "My issues on appeal are: The Plaintiff asserts the Second Judicial District Court Judge and Court Officer acted illegally according to New Mexico Law which was not addressed or heard by the US District Court before denial of motion and dismissal of case." (Doc. 12 at 2.) Plaintiff's Notice of Appeal does not state his issues on appeal. Plaintiff has not set forth any argument of error regarding the Court's denial of his Motion or the dismissal of this case.

The Court concludes that Plaintiff's appeal is not taken in good faith and that his request for leave to appeal *in forma pauperis* must be denied because he has not identified "the existence

of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben*, 937 F.2d at 505.

**IT IS ORDERED** that Plaintiff's Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis (Doc. 12) is **DENIED.**

**THE COURT CERTIFIES** that Plaintiff's appeal is not taken in good faith.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE